# CIRCUIT COURT OF THE CITY OF RICHMOND

Carlton L. Jackson

v.

Crestar Bank

September 23, 1994

Case No. LU-4432-4

BY JUDGE RANDALL G. JOHNSON

This case involves a dispute over a bank account. Trial without a jury was held on September 15. After hearing the evidence, the court took its judgment and the defendant's plea of the statute of limitations, which was raised for the first time at trial, under advisement.

At trial, plaintiff testified that in October, 1973, he opened a "Premium Savings Account" at United Virginia Bank, now Crestar (collectively, the "bank"), with a deposit of $17,000. In a quarterly statement dated April 1, 1974, which was admitted into evidence, the balance in the account is shown as $17,567.91, representing the $17,000 initial deposit, plus $567.91 in accrued interest. Plaintiff further testified that he continued to receive statements into 1976 or 1977, but only the April 1, 1974, statement was presented in court.

On November 6, 1978, plaintiff wrote the following letter to the bank:

> Gentlemen,
>
> I have not received any statements from you in the past 15 months, perhaps this is due to my address change. Please forward all correspondence to:
>
> Carlton L. Jackson
> 2503 E. Broad Street
> Richmond, Virginia 23223
>
> Cordially,<br>Carlton L. Jackson

Plaintiff's Exhibit 2.

More than six years later, on February 17, 1985, plaintiff wrote again:

> Gentlemen,
>
> I have written several letters inquiring about the above referenced account. At this point I feel I have been getting the run around. In my last communication with the bank, information was taken and I [was] told, I would get a return call in a few days. That has been over 30 days ago. As of todays [sic] date I have not heard anything from you.
>
> Awaiting your reply.
>
> Sincerely,
>
> Carlton L. Jackson

*Id.*

And on September 8, 1989, plaintiff wrote the following:

> Gentlemen,
>
> Unless I receive statements and/or explanations as to the status of the above referenced account, within the next 30 days, I'm afraid you will leave me no alternative but to take legal action.
>
> Sincerely,
>
> Carlton L. Jackson

*Id.*

Suit was filed on December 9, 1992.

It was plaintiff's testimony that the letters quoted above were only some of the letters he wrote to the bank. They were the only ones, however, offered into evidence. Plaintiff also testified that he sometimes received responses to his letters, but none of those were presented in court, and plaintiff could not remember their contents. Plaintiff also could not recall the names of any bank employees he spoke with about his account or what any of them said, although he claims that he did speak with several. It is now plaintiff's claim that he is entitled to $68,902.36, which is the initial $17,000 deposit, plus interest from the initial deposit until now at 6.72% per year, compounded quarterly, which was the rate in effect when he opened the account.

The bank called only one witness. John Hicks, the bank's vice president in charge of security, testified that the bank has no records at all concerning plaintiff's account. He further testified that the bank has a 10-year retention policy; *i.e.*, that once an account is closed, all records dealing with the account are destroyed, leaving absolutely nothing to show that the account ever existed. An exception is where an account with money in it is closed because of inactivity. In that situation, the money is paid to the state under Virginia's unclaimed property laws, and a record of the payment is made. There is no such record with regard to plaintiff's account.

At the conclusion of plaintiff's evidence, the bank made a motion to strike. As part of its argument, the bank attempted to raise a plea of the statute of limitations. That plea must now be denied.

Virginia Code § 8.01-235 provides:

> The objection that an action is not commenced within the limitation period prescribed by law can only be raised as an affirmative defense specifically set forth in a responsive pleading. No statutory limitation period shall have jurisdictional effects and the defense that the statutory limitation period has expired cannot be set up by demurrer. This section shall apply to all limitation periods, without regard to whether or not the statute prescribing such limitation period shall create a new right.

Accordingly, this case must be decided on its merits.

As can be seen from the summary of the evidence set out above, this is not a case of the plaintiff's word against the bank's word. Indeed, because the bank has no records of plaintiff's account, it was unable to present any direct evidence at all of what happened to plaintiff's money. This does not mean, however, that a credibility issue is not presented or that plaintiff automatically wins his case. To the contrary, plaintiff's credibility is very much at issue.

Two instructions which this court routinely gives its juries are especially pertinent to this case. First, juries are told:

> You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown,

their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all the other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.

Virginia Model Jury Instructions, Vol. I, No. 2.020.

Second, juries are instructed:

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

*Id.*, No. 2.100.

With these instructions in mind, plaintiff cannot prevail.

In order to enter a plaintiff's verdict in this case, the court would have to believe that from 1977 until 1992, a period of fifteen years, having received no statements from the bank, having gotten the "run around" from the bank (*see* plaintiff's letter of February 17, 1985, *supra*), and having received no explanation about the status of his account (*see* plaintiff's letter of September 8, 1989, *supra*), plaintiff, who has some college education and is a professional realtor, simply allowed over $17,000 to remain in the bank without taking legal action. In addition, plaintiff asks the court to accept his testimony that the three letters quoted above were not his only letters to the bank, although no others were presented; that he received written responses from the bank, although none were presented and he could not remember what they said; and that he talked with several bank employees about the problem, although he could remember none of their names or what any of them said.

On the other hand, the bank, while conceding that the April 4, 1974, statement is persuasive evidence that plaintiff did have an account at that time, argues that the circumstantial evidence in the case shows that the account was closed by plaintiff or someone on plaintiff's behalf. I agree with the bank.

My judgment, which will be for the bank, is based on my belief that it is so contrary to human experience as to be inconceivable that someone of

plaintiff's intelligence, background, education, and professional training would allow more than $17,000 to remain in defendant's bank for over fifteen years before taking legal action when he knew that the bank was refusing to acknowledge that he had an active account there at all. My belief in this regard is strengthened by the bank's circumstantial evidence that because it has no record of plaintiff's account, and it also has no record of a payment to the state under the unclaimed property laws, plaintiff's account must have been closed by plaintiff, or someone on plaintiff's behalf, by withdrawing all of the money from the account more than ten years before suit was filed. The court simply does not believe plaintiff's recitation of the facts.